## John Hintz v. Mary Graupner et al.

1. PRESUMPTIONS—*In the Absence of a Complete Record.*—When the record does not purport to be complete, this court can not say that there was not a finding of facts which fully supports the decree.

**Bill to Restrain Proceedings at Law.**—Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Decree dismissing the bill for want of equity. Error by complainant. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed October 21, 1898.

LUTHER LAFLIN MILLS and FREDERICK A. WILLOUGHBY, attorneys for plaintiff in error.

MR. JUSTICE HORTON delivered the opinion of the court.

In January, 1892, the original bill in this case was filed. As appears by what purports to be a "restored original bill," the purpose of the original was to restrain further proceedings upon a judgment for $2,000 theretofore recovered by defendant in error, Mary Graupner, against plaintiff in error, and to have said judgment set aside and a new trial granted. It also thus appears that the relief sought was based upon the allegations that said judgment was recovered by reason of perjury, and that plaintiff in error could establish that by newly discovered evidence. Replications were filed and the cause was at issue upon the original bill February 13, 1892.

April 17, 1893, more than a year after the case was at issue upon the original bill, an amendment to the bill was filed, setting up conspiracy in presenting perjured testimony upon which said judgment was procured, together with other important allegations. The record does not show any leave of court to file an amendment or any notice to defendants, or either of them, that said amendment had been filed, or any process issued thereon, or rule on defendant to answer same, or any answer thereto.

April 6, 1898, nearly five years after final decree was entered in the court below, and after this cause was pend-

ing in this court, an order was entered in the court below giving plaintiff in error leave to file what is called a " restored original bill." This order purports to be upon a petition filed by plaintiff in error, stating that the original bill has been lost and that a certified copy thereof can not be obtained. No such petition appears in the record, nor does it appear that the defendants ever filed any answer thereto or that they were ever ordered so to do, or that any process was ever issued upon such a petition. The order recites that " the court having heard the evidence finds that the allegations of said petitioner are true," but the evidence is not preserved.

It is urged by plaintiff in error that the bill states a case for equitable jurisdiction and relief, and that as the testimony is not preserved, the decree dismissing the bill for want of equity is erroneous. Counsel for plaintiff in error state their position as follows, viz.: " To support a decree either the evidence must be preserved, or the decree must find as proven, facts sufficient to support the decree. * * * A decree which is not supported either by evidence preserved, which is regarded as a part of the decree, or by finding of facts sufficient to support the decree, will be reversed."

Apply this rule to said order of April 6, 1898, and that order must be disregarded, and there is then no bill of complaint in the case. The evidence upon which that order purports to be entered is not preserved in any way in the record.

But it does not appear from the record in this case that the evidence supporting the decree in question is not preserved. The record as filed in this court does not purport to be a complete record. We can not, therefore, say that there is not a finding of facts which must be regarded as a part of the decree and which fully supports the decree. By direction of solicitors for plaintiff in error the record contains only the process, pleadings and orders of court. The substance of these has been sufficiently stated. We can not interfere with the decree.

The decree of the Superior Court is affirmed.